WOODWARD et al. v. NEAL.

(Supreme Court, Appellate Term. December 9, 1908.)

COMPROMISE AND SETTLEMENT (§ 23*)—TERMS—EVIDENCE.

In an action for injuries to a horse in which a compromise agreement was shown by which defendant agreed to pay veterinary charges, etc., parol evidence to show that the agreement did not merge and overcome all prior or contemporaneous agreements *held* not sufficient to show that defendant had agreed to pay, in addition, for the diminished value of the horse.

[Ed. Note.—For other cases, see Compromise and Settlement, Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Harry Woodward and another against J. Henry Neal to recover damages for injuries to a horse. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered on condition.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Carter, Ledyard & Milburn (J. Vimont Lyle, of counsel), for appellant.

J. Campbell Thompson, for respondents.

PER CURIAM. On a street in White Plains in the evening of October 30, 1907, when the electric lights failed, the horse of the plaintiffs was injured in a collision with the horse of the defendant. Assuming from the judgment the negligence of the driver of the defendant, the plaintiffs were entitled in damages to the difference between the market value of their horse before and after the accident. They have been awarded what they valued the horse at before the occurrence less what they sold it for some months afterwards, together with a series of items protracted over several weeks. They should not keep both. After the lapse of almost a fortnight and repeated palavers, when all the plaintiffs and the defendant and the veterinaries had had opportunity to appreciate the conditions and probabilities, the parties came to an agreement of settlement, reduced to writing and signed November 12th, by the wife plaintiff and the defendant, wherein the latter agreed to pay the expenses of the services of the veterinaries who had attended the horse, hack hire to and including the 11th, hack hire from November 11th at $20 a month, and also to pay for the keep and veterinary charges while the horse should be in the stables of the Valley View Farm.

It was attempted to take this out of the general rule, and show that the agreement reduced to writing did not merge and overcome all prior or contemporaneous negotiations, and needed parol evidence to exhibit the entire agreement by the testimony of the wife plaintiff that it was said if she (the horse) came right this agreement would be all right, if she did not come all right, Mr. Neal said there would be no question about that then, and he would see us (the plaintiffs) through. These indefinite utterances, evoked by counsel with pains, would not be enough if let alone to prove that the defendant undertook to pay also the diminution in value besides his indeterminate undertaking as to hacks and care and cure. They were contradicted by the previous testimony of the husband plaintiff that Mr. Neal said he would pay the expenses for the time the mare was hurt, veterinary expenses, hack hire, medicines and treatment—that was all by the defendant—and by the testimony and by a writing of December 12th by madame herself, telling that the firing, blistering, and month's rest had not benefited the mare, and asking what was to be done. The judgment is not sustained by the evidence, in so far as the award

exceeds $67.82, the amount of the items covered by the agreement between the parties, and should be reduced accordingly.

Judgment reversed and new trial ordered, with costs to appellant to abide the event, unless the respondents within five days after service of an order hereupon stipulate to reduce the judgment to the sum of $67.82 with appropriate costs in the court below, in which event the judgment, as thus modified, will be affirmed, without costs to either party in this court.